# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 3585 | **DATE** | 7/1/2004 |
| **CASE TITLE** | Zalega vs. Town of Cicero, *et al.* | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendants' Motion to Dismiss

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Defendants' Motion to Dismiss, brought pursuant to Federal Rule of Civil Procedure 12(b)(6) [10-1], is granted. Plaintiff's Complaint is dismissed with prejudice. The status hearing set for July 7, 2004 is stricken.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | JUL 6 2004 date docketed | |
| X | Docketing to mail notices. | docketing deputy initials | 16 |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | | |
| | courtroom deputy's initials | 2004 JUL -2 PM 3:38 date mailed notice | |
| | | Date/time received in Central Clerk's Office | mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

JAN ZALEGA, )
) No. 03 C 3585
    Plaintiff, )
)
v. ) Honorable Charles R. Norgle
)
TOWN OF CICERO, et al., )
)
    Defendants. )

## OPINION AND ORDER

DOCKETED
JUL 6 - 2004

CHARLES R. NORGLE, District Judge

Before the court is Defendants' Motion to Dismiss, brought pursuant to Federal Rule of Civil Procedure 12(b)(6) [10-1]. For the following reasons, the motion is granted.

## I. BACKGROUND

On June 7, 2001, a vehicle belonging to Plaintiff, Jan Zalega ("Zalega"), was parked on the yard of his brother's residence in Cicero, Illinois. Zalega was notified that the manner in which his vehicle was parked violated a Cicero ordinance, and was given a complaint. Zalega's vehicle was subsequently towed to an impound lot operated by RAM Recovery, Inc.. Zalega alleges that his vehicle was damaged while it was impounded.

On May 27, 2003, Zalega filed a two count Complaint against Defendants, Town of Cicero, unknown police officer, unknown Inspector 108 and RAM Recovery, Inc., based on the actions of the Defendants in impounding and damaging his vehicle. In Count I, brought pursuant to 42 U.S.C. § 1983, Zalega alleges that the towing of his vehicle violated the Due Process Clause of the Fourteenth Amendment. In Count II, brought pursuant to Illinois state law, Zalega bases his claim on a bailment theory.

16

Defendants have responded to the Complaint with the instant Motion to Dismiss, brought pursuant to Federal Rule of Civil Procedure 12(b)(6), which is fully briefed and before the court.

## II. ANALYSIS

### A. *Standard of Decision*

The purpose of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is not to decide the merits of the challenged claims but to test their sufficiency under the law. See Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir. 1990). Thus, "[a] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts to support his claim which would entitle him to relief." Smith v. Cash Store Mgmt., Inc., 195 F.3d 325, 327 (7th Cir. 1999) (citations and internal quotation marks omitted). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims . . . [and] Rule 12(b)(6) should be employed only when the complaint does not present a legal claim." Id.

In ruling on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must accept as true all factual allegations contained in the complaint and draw all reasonable inferences in favor of the plaintiff. See Hickey v. O'Bannon, 287 F.3d 656, 657 (7th Cir. 2002). In deciding a motion to dismiss, the court reads a complaint liberally, dismissing the complaint only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that entitles him to relief. See Conley v. Gibson, 355 U.S. 41, 45 (1957).

### B. *Due Process Violation*

In order to state a claim based on a violation of the Due Process Clause, Zalega's Complaint must allege three elements: (1) he was deprived of a life, liberty, or property interest; (2) state actors

2

caused the deprivation; and (3) the deprivation occurred without due process of law. See, e.g., Omosegbon v. Wells, 335 F.3d 668, 674 (7th Cir. 2003) (citing Morrissey v. Brewer, 408 U.S. 471, 481 (1972)). Zalega has alleged the first two elements; however, the Complaint fails to allege the third element. "'[T]he deprivation by state action of a constitutionally protected interest in life, liberty, or property is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest without due process of law.'" Gable v. City of Chicago, 296 F.3d 531, 539 (7th Cir. 2002) (quoting Zinermon v. Burch, 494 U.S. 113, 125 (1990)). In Gable, a group of vehicle owners whose vehicles had been damaged or destroyed after being towed to city of Chicago impoundment lots filed a class action suit, alleging that the city's towing policies violated the Due Process Clause. See id. at 533. Adhering to the United States Supreme Court's decision in Parratt v. Taylor, 451 U.S. 527, 543-44 (1981), the Seventh Circuit held that there was no violation of the Due Process Clause even if the plaintiffs' vehicles had been damaged or destroyed, so long as the plaintiffs had an adequate post-deprivation remedy. See id. at 539-40. The Seventh Circuit stated that "Illinois law would have provided the plaintiffs with an adequate postdeprivation remedy," such as cause of action based on a bailment or replevin theory. Id. at 540.

After Defendants filed the instant Motion to Dismiss, the court entered a minute order directing the parties to discuss application of Gable to the instant case. See Minute Order of March 26, 2004 [9-1]. In his response to the Motion to Dismiss, Zalega states: "The plaintiff cannot distinguish the holding of Gable to the facts in this matter pertaining to State law post-deprivation remedies such as bailment." Pl.'s Resp. to Defs.' Mot. to Dismiss. As conceded by Zalega, the Seventh Circuit's decision in Gable forecloses the relief sought by Zalega. As with the plaintiffs in Gable, Illinois law would have provided Zalega with an adequate post-deprivation remedy. See

3

Gable, 296 F.3d at 540. Further, at a March 26, 2004 status hearing for presentment of Defendants' Motion to Dismiss, counsel for Zalega admitted that he had represented Zalega during a post-deprivation hearing. As such, Zalega cannot state a legal claim for a procedural due process violation, mandating that his claim be dismissed.

Further, to the extent that Zalega alleges a substantive due process claim, the claim would also fail because, as the Seventh Circuit has stated, "[i]n order to prevail on a substantive due process claim involving a deprivation of a property interest, a plaintiff must 'show either the inadequacy of state law remedies or an independent constitutional violation,'" Gable, 296 F.3d at 541 (quoting Doherty v. City of Chicago, 75 F.3d 318, 326 (7th Cir.1996)), and Zalega has not alleged either.

## III. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss, brought pursuant to Federal Rule of Civil Procedure 12(b)(6), is granted.

IT IS SO ORDERED

ENTER:

CHARLES RONALD NORGLE, Judge
United States District Court

DATED: 7-1-04

4